```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

WINNIE LAUGHLIN,                    )
                                    )
            Plaintiff,              )
                                    )
                                    )   Case No. CIV-19-420-JFH-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
            Defendant.              )
```

## REPORT AND RECOMMENDATION

Plaintiff Winnie Laughlin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the ALJ's decision. She has a high school education and worked in the past as a cashier checker, store laborer, and management trainee. Claimant alleges an inability to work beginning on August 1, 2010, due to limitations resulting from spine disorders and migraine headaches.

### Procedural History

On May 3, 2017, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's

3

applications were denied initially and upon reconsideration. On January 3, 2019, ALJ Michael Mannes conducted a hearing in McAlester, Oklahoma, at which Claimant testified. On February 13, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on October 16, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by (1) failing to properly evaluate her subjective statements; and (2) failing to properly evaluate the medical opinion of her treating physician, Kelli Koons, M.D.

### Evaluation of Subjective Symptoms

In his decision, the ALJ found Claimant suffered from spine disorders and migraines. (Tr. 15). He determined Claimant could perform light work, except she could only occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, frequently

4

balance, occasionally stoop, kneel, crouch, or crawl, and frequently reach, handle, and finger. Her time off task could be accommodated by normal work breaks. (Tr. 17-18).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of office helper, housekeeping cleaner, and cashier II, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 22). As a result, the ALJ concluded Claimant was not under a disability from August 1, 2010, her alleged onset date, through the date of the decision. (Tr. 22).

Claimant contends the ALJ improperly considered the intensity, persistence, and the limiting effects of her symptoms by failing to provide reasons in the decision for finding they were not entirely consistent with the medical evidence and other evidence of record. She further contends that although the ALJ mentioned certain statements she made in her function report from June of 2017, the ALJ included no discussion whatsoever of her testimony from the administrative hearing in January of 2019. Claimant maintains her testimony related to the relevant factors under the regulations and included statements of limitation beyond those included by the ALJ in the RFC.

As part of his evaluation of Claimant's pain and other symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the

requirements under 20 C.F.R. §§ 404.1529, 416.929. (Tr. 18). He determined Claimant's medically determinable impairments could reasonably cause her alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not "entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 18).

In the decision, the ALJ summarized Claimant's statements from the function report she completed in June of 2017. (Tr. 18). He noted Claimant reported her cervical stenosis affected the nerves in her neck and arms and caused her to experience severe migraines. Claimant could care for her pets, prepare complete meals, do general household chores, drive, shop, pay bills, and handle accounts. She had some trouble sleeping and could take medications without reminders. Claimant spent time with her family and friends. Her illnesses impacted her ability to lift, reach, and use her hands. (Tr. 18, 314-21).

The ALJ also summarized the medical evidence and the opinion evidence from the record. (Tr. 18-20). He then noted that "the evidence of the [C]laimant's daily activities along with the objective medical evidence discussed above establishes the [C]laimant has a greater sustained capacity than she alleges." The ALJ concluded "the [C]laimant's subjective complaints and alleged limitations are not fully persuasive and that she retains the

6

capacity to perform work activities with the limitations as set forth above." (Tr. 20).

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As Claimant points out, however, the ALJ did not discuss her testimony from the administrative hearing, and he did not mention certain statements she made on her function report. At the hearing in January of 2019, Claimant testified she could drive, but she only did so "a couple of times a week," and she was not supposed to drive over 50 miles. (Tr. 36, 46). Her migraines sometimes made

it where she could not get out of bed. She had migraines every two to three days. (Tr. 40). Claimant testified she took pain medicine for her neck pain and has done steroid injections, which did not work, and physical therapy, which did not work because of her shoulders. (Tr. 43-44). Claimant had to care for her mother for about a month in August of 2018, and she had a friend who would come by and do dishes for her. (Tr. 45-46, 55). Claimant could walk one block, lift and carry about ten pounds, extend her arms to about shoulder height but not repetitively, would have some difficulty picking up change from a table, could stand 30-45 minutes at a time, and had trouble bending at the waist and touching her toes. (Tr. 47-48, 54-55, 57, 58). Claimant could take care of her own personal hygiene, prepare meals about three times a week, did household chores such as laundry and dishes (she takes six or seven 30 minute breaks while doing housework), and goes to the grocery store once or twice per week, but no longer than one hour at a time. (Tr. 49-50, 56-58). She has a friend that comes to visit her at home once or twice a year. (Tr. 51). She takes care of her two dogs. (Tr. 51-52).

From the function report, the ALJ did not mention in the decision that although Claimant did housework on some days, she also had days when she could not get out of bed or off the couch because of pain. She could take care of her personal needs, but Claimant had problems raising her right arm to care for her hair

8

and using her hands to grip when doing activities, including writing and doing dishes. Claimant had problems lifting, reaching, and using her hands, indicating that difficulty lifting with her right hand limited a lot of what she could do because she is right-handed. (Tr. 314-21).

The ALJ's evaluation of Claimant's symptoms was conclusory and did not "closely and affirmatively" link his findings to substantial evidence in the record or articulate any reasons for his findings. *See Kepler*, 68 F.3d at 391 ("[T]he link between the evidence and credibility determination is missing; all we have is the ALJ's conclusion."). The ALJ did not even mention Claimant's hearing testimony in the decision, some of which either further explained prior information given in Claimant's function report, included further limitations Claimant experienced because of her impairments, or addressed factors pertinent to the evaluation of symptoms. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996)("[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") (citation omitted); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) (finding ALJ's credibility determination was not supported by substantial evidence when the ALJ mentioned testimony from the claimant's first hearing in the decision, but he failed to reference the claimant's

9

testimony from his second hearing, even though some of his statements addressed factors the ALJ should consider). Further, even in his discussion of the function report, the ALJ did not include information which suggested Claimant's impairments were more limiting. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

On remand, the ALJ should conduct a proper evaluation of Claimant's symptoms. He should properly consider Claimant's testimony from the administrative hearing and function report and then clearly articulate reasons for how he evaluates Claimant's symptoms.

### Consideration of Opinion Evidence

Claimant also asserts the ALJ erred in evaluating the medical opinion of her treating physician, Dr. Koons. On April 11, 2018, Dr. Koons completed physical medical source statement for Claimant. She determined Claimant could lift up to ten pounds frequently and ten to twenty pounds occasionally. Claimant could sit one hour and stand for two hours in an eight-hour workday. She could never crouch and could rarely climb stairs or ramps, balance, stoop, and kneel. She could rarely reach overhead or reach generally, handle, finger, feel, or push and/or pull with her right

and left arms. Claimant experienced chronic pain, and her pain would cause her to be off task during an eight-hour workday for thirty percent of the time. Claimant would need additional rest breaks during an eight-hour workday. (Tr. 20, 552-54).

As Defendant points out, because Claimant filed her claims after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§

404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ summarized Dr. Koons' opinion in the decision. He found her opinion "less persuasive" because of "highly restrictive limitations, which were not supported by the medical evidence or the [C]laimant's testimony and demonstration of in front and lateral arm movement during the hearing." (Tr. 20). However, because Claimant's testimony factored into the ALJ's decision regarding the persuasiveness of Dr. Koons' opinion and ultimately the RFC, the ALJ should reconsider Dr. Koons' opinion in light of a proper evaluation of Claimant's symptoms as discussed above. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined.").

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 9th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE